**Duane POTTER, Plaintiff,**

v.

**PACCAR COMPANY d/b/a Kenworth Truck Company; United Van Lines, Inc.; and An Unknown Company, an agent or contractee with United Van Lines, Inc., Defendants.**

Civ. No. 81–813–T.

United States District Court, W. D. Oklahoma.

July 16, 1981.

---

488

Jack Gray, Oklahoma City, Okl., for plaintiff.

William B. Rogers, Jr., Oklahoma City, Okl., for defendants.

## ORDER

RALPH G. THOMPSON, District Judge.

This action is before the Court for consideration of the Motion to Dismiss filed by defendant United Van Lines, Inc. Plaintiff has responded in opposition to the motion and both parties have submitted briefs in support of their respective positions.

Plaintiff commenced this action seeking to recover damages for the loss of sight in his right eye. Plaintiff alleges the damage occurred when a battery exploded, causing acid to be propelled into his eye. The battery that exploded is alleged to have been furnished by defendant Paccar Company, d/b/a Kenworth Truck Company, for use in the truck manufactured by it and owned by defendant United Van Lines, Inc.

Plaintiff admits the theory upon which this action is brought is manufacturers' products liability and cites *Kirkland v. Gen-* *eral Motors Corp.*, 521 P.2d 1353 (Okl.1974), for the propriety of joining United Van Lines, Inc. as a party defendant to this action. The language of *Kirkland* relied upon by plaintiff is as follows:

"Although the manufacturers' products liability for injuries caused by defective products described in this opinion is neither grounded in negligence or breach of implied warranty, *responsibility for the defect must still be traced to the proper defendant.* Where the product is of sophisticated design and construction, or if the product reaches the consumer in a sealed container, varying degrees of difficulty are encountered in tracing this responsibility. The fact that the plaintiff may not be able to ascertain whether the manufacturer or some other party who handled the product before it reached the ultimate consumer is responsible is a good reason for naming all of them as parties defendant." 521 P.2d at 1365 (emphasis by plaintiff).

Plaintiff's argument is that *Kirkland* authorizes the procedure whereby an injured party may make everyone a defendant in the process of determining the individual or individuals who ultimately should be held liable. This Court agrees that the Oklahoma Supreme Court in *Kirkland* adopted a procedure whereby multiple defendants to a manufacturers' products liability action should determine among themselves where the final responsibility lies for a defect in a product. However, this Court does not agree that the language of the Oklahoma Supreme Court is so expansive that it permits an injured party to require *everyone* to defend his or her relationship to the defective product. Rather, this Court believes that the language of the Oklahoma Supreme Court recognizes that some defective products are an amalgamation of various component parts, manufactured by different individuals, which are not individually defective but create a single defective product when finally assembled. In such a case, the Oklahoma Supreme Court has determined that the responsibility for apportioning liability among the various individual

manufacturers and suppliers lies with them and not with the injured party.

 The question now before the Court is whether plaintiff has alleged anything in his complaint which would permit an inference that the defendant, United Van Lines, Inc., is a proper defendant under a theory of manufacturers' products liability. To answer this question it is necessary to understand who can be held liable under this theory. In adopting the theory of strict liability in tort as a viable theory upon which to seek recovery, the Oklahoma Supreme Court sought to avoid semantic confusions between tort and common law negligence. To achieve this end, it chose to label the theory manufacturers' products liability and it defined manufacturers as "processors, assemblers, and all other persons who are similarly situated in processing and distribution." *Kirkland,* supra at 1361. Thus, the theory relied upon by plaintiff in this case is available as a means of redressing injuries caused by defective products where the person or persons responsible for the defect manufacture, process, or distribute the product. In this case, plaintiff has alleged nothing in regard to defendant United Van Lines, Inc. except that this defendant owned the battery involved and was using it for the purpose of furthering other commercial purposes. This defendant neither manufactured the battery, nor did it process the battery. The most that can be said is that United Van Lines, Inc. engaged in the distribution of the battery by physically transporting it about the country as an integral part of the vehicle to which it was attached. As such, United Van Lines, Inc. cannot be said to be a distributor of the battery in the sense envisioned by the *Kirkland* decision. Under *Kirkland,* a distributor is one who engages in the activity of making the defective product available for the use of others. United Van Lines, Inc. simply did not do so in this case. Rather, United Van Lines, Inc. stands in the shoes of an ultimate consumer as envisioned by the *Kirkland* decision.

It is the conclusion of this Court that plaintiff has failed to state a claim against the defendant United Van Lines, Inc. upon which relief can be granted. The Motion to Dismiss filed by defendant United Van Lines, Inc. is hereby granted and plaintiff's complaint against United Van Lines, Inc. is hereby dismissed.

IT IS SO ORDERED this 16th day of July, 1981.